## Richmond

RUSSELL WAYNE KNOTT v. COMMON-
WEALTH OF VIRGINIA.

January 20, 1975.

Record No. 740315.

Present, All the Justices.

*Scott H. Swan (Bremner, Byrne & Baber,* on brief), for plaintiff in error.

*James W. Hopper, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Poff, J., delivered the opinion of the court.

We must decide whether the defendant, Russell Wayne Knott, was denied a speedy trial.

Defendant, a convicted felon, escaped from a state correctional unit on August 24, 1972. On October 21, 1972, he was arrested for that offense in Washington, D. C., and upon waiver of extradition, was delivered to the Alexandria jail where he was

held for disposition of unrelated charges. In April, 1973, he was transferred to the Fairfax County jail for disposition of other charges. He was transferred on October 12, 1973, to the Virginia State Penitentiary where he was given credit against his penitentiary sentence for 169 days spent in jail.

A memorandum on file at the penitentiary shows that penitentiary authorities learned of defendant's presence in Virginia on October 25, 1972, four days after his arrest. On November 22, 1972, defendant was indicted for escape in violation of Code § 53-291(2). More than a year later, on December 12, 1973, he was convicted of that offense and sentenced to one year in the penitentiary. It is stipulated that in the interval between indictment and trial, six regular terms of the trial court had passed. Before final judgment, defendant moved to dismiss the indictment on the ground that he had been held for trial for more than three regular terms of the trial court before he was brought to trial.

Code § 19.1-191 [1] is the statutory implementation of the constitutional guarantee of the right to a speedy trial. *Brooks* v. *Peyton*, 210 Va. 318, 171 S.E.2d 243 (1969). Under the statute the right begins to run in favor of an accused felon when the "indictment is found" and he is "held . . . for trial". The right is

[1] "§ 19.1-191. Within what time an indictment for felony must be tried.—Every person against whom an indictment is found charging a felony and held in any court for trial, whether he be in custody or not, shall be forever discharged from prosecution for the offense, if there be three regular terms of the circuit or four of the corporation or hustings court in which the case is pending after he is so held without a trial, unless the failure to try him was caused:

(1) By his insanity or by reason of his confinement in a hospital for the insane for care and observation,

(2) By the witnesses for the Commonwealth being enticed or kept away or prevented from attending by sickness or inevitable accident,

(3) By the granting of a separate trial at the request of a person indicted jointly with others for a felony,

(4) By continuance granted on the motion of the accused or by reason of his escaping from jail or failing to appear according to his recognizance,

(5) By the inability of the jury to agree in their verdict, or

(6) Where there be no court held at the regular term or where there is court held and for any reason it would be injudicious, in the opinion of the court, to have jurors and witnesses summoned for that term, which reason shall be specially spread upon the records of the court.

"But the time during the pendency of any appeal in any appellate court shall not be included as applying to the provisions of this section." (Repl. Vol. 1960).

This statute was amended in 1974, subsequent to defendant's trial. (Cum. Supp. 1974).

violated "if there be three regular terms of the circuit . . . court in which the case is pending after he is so held without a trial". The right is not violated if "the failure to try him was caused" by any of six stated circumstances.

The Commonwealth contends that during the time defendant was held in the Alexandria and Fairfax County jails he "was not available for trial before the Circuit Court of the City of Richmond on the escape charge" and that he was not held for trial "until such time as he was returned to the Virginia State Penitentiary." We do not agree.

The Commonwealth acquired sovereign jurisdiction over the person of the defendant the moment he entered her borders. Between defendant's indictment and his trial, the Commonwealth held the defendant for more than a year in three of her penal institutions. Two were jails; one was a penitentiary; all were "penal institutions". Code § 53-9 (now Code § 53-19.18 (Repl. Vol. 1974)). As an inmate, defendant was subject to transfer from one penal institution to another. Code § 53-8 (now Code § 53-19.17 (Repl. Vol. 1974)). With jurisdiction under Code § 53-295 (Cum. Supp. 1974) to try the escape indictment, the trial court had full process powers, reaching into every penal institution within the jurisdiction of the sovereign. At any time after the indictment was found, the trial court could have issued process and defendant could have been transferred from the jail to the penitentiary for ready access. What could have been done to grant a speedy trial should have been done. "It is the duty of officers charged with the responsibility of enforcing the criminal laws of the Commonwealth to prepare for and obtain a trial of an accused within the three regular terms of court specified." *Flanary* v. *Commonwealth*, 184 Va. 204, 210-11, 35 S.E.2d 135, 138 (1945).

Since, at all times subsequent to his indictment for the escape felony defendant was held by the Commonwealth in her penal institutions and was available for trial in the court in which the case was pending, we are of opinion that he was being "held . . . for trial" within the meaning of the speedy trial statute and was entitled to claim its protection.

The General Assembly has enumerated six circumstances which excuse "the failure to try". And, as the Commonwealth says we have held that this enumeration was not intended to exclude other circumstances *in pari ratione*. *Wadley* v.

*Commonwealth,* 98 Va. 803, 35 S.E. 452 (1900). But if circumstances such as those in this case are to be sufficient to justify delay in bringing the accused to trial, the General Assembly must say so. What it says must, of course, comply with the constraints of Article I, § 8 of the Constitution of Virginia and the Sixth Amendment to the Constitution of the United States. *See Nail* v. *Slayton,* 353 F. Supp. 1013 (W. D. Va. 1972).

The judgment is reversed, the indictment is dismissed, and the defendant is forever discharged from prosecution for the offense of escape charged in the indictment.

*Reversed and final judgment.*