## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

O'Grady

June 24, 1981

Case No. F-4989

By JUDGE ALBERT H. GRENADIER

This case comes on to be heard upon the defendant's motion to dismiss for failure of the Commonwealth to comply with the provisions of § 19.2-243 of the Code of Virginia. The Court has fully considered the evidence taken at the hearing on June 9, 1981, the arguments of counsel and the authorities cited for their respective positions.

It is the opinion of the Court that the five-month time period prescribed in § 19.2-243 of the Virginia Code does not commence to run until the defendant is held in custody by the Commonwealth. To trigger the operation of the statute the Commonwealth must acquire sovereign jurisdiction over the person of the defendant. See *Knott v. Commonwealth*, 215 Va. 531 (1975).

The Commonwealth does not acquire sovereign jurisdiction while the defendant is a federal prisoner unless and until it obtains the defendant's custody through a writ of habeas corpus ad prosequendum or procures his presence under the provisions of the Interstate Agreement on Detainers Act. The fact that while the defendant was in federal custody he was incarcerated in local jails within the state does not operate to modify or eliminate this requirement. Nor is it material that federal prisoners are routinely made available to local jurisdictions for state prosecutions upon receipt of a writ of habeas corpus ad prosequendum and clearance by the United States Attor-

ney's Office. Such cooperation by the federal authorities is helpful and commendable, but quite irrelevant to the operation of the statute.

Accordingly, the defendant's motion to dismiss is denied.