## CIRCUIT COURT OF FREDERICK COUNTY

Commonwealth of Virginia

v.

Edward Lynn Layman

December 3, 1986

Case No. Cr-2924

By JUDGE ROBERT K. WOLTZ

The principal issue in this case is whether the defendant has been denied a speedy trial under the provisions of Article I, § 8, of the Constitution of Virginia [1971], the provisions of Code § 19.2-243, being the legislative interpretation of the constitutional requirement, and the Sixth and Fourteenth Amendments of the Constitution of the United States. Also at issue is Code Section 19.2-298 requiring imposition of sentence without unreasonable delay.

This case had its origin with the execution of a warrant on August 18, 1975, charging the defendant with grand larceny. On November 10 of that year the grand jury returned a true bill of indictment for grand larceny. After various pre-trial proceedings the case was set for trial with jury a December 5, 1975.

On that date on motion of the Commonwealth a second grand larceny charge against the defendant was nol prossed and the remaining indictment was amended to charge petty larceny, all without objection by the defendant. The defendant then withdrew his previous plea of not guilty, entered a plea of guilty, evidence was presented by the Commonwealth but none at the time by the defendant, and on motion of the defendant sentencing was deferred until

January 12, 1976, and his recognizance continued for his appearance that day.

On that day the defendant failed to appear and a capias was issued but later returned "not found." December 7, 1979, a further capias was issued, being returned with the same result about nine months later. A third capias was issued in May, 1985, and returned "not found" the following September. A final capias was issued in May, 1986, and executed June 14, 1986. The defendant appeared in this court on June 4, 1986, being in custody on a felony indictment for a recently alleged perjury. On that day as to this case it was continued to allow his counsel appointed in 1975 to be present. On June 19th with consent of the defendant his counsel was relieved and new counsel was appointed. The case was continued until August 19th for further proceedings.

On that date motion was made to dismiss the proceedings because the defendant had not been sentenced on his conviction, the motion was denied and the case continued until August 26th. On that date the case was continued until October 24th, when the defendant requested that his second court-appointed counsel be discharged, which request was denied and the defendant was sentenced to ten months in jail and then his counsel was relieved from representation. Sentencing order on those proceedings was entered November 13th. Subsequently at the defendant's request new counsel was appointed and the motions in issue were filed and argued.

Defendant represents principally through a copy of a recent presentence report rendered in another circuit court that on numerous occasions since the defendant absconded before his scheduled date of sentencing in January, 1976, until earlier this year the defendant was charged in a number of courts of the Commonwealth with misdemeanors and felonies. In many of those instances as a result he was incarcerated and at one time was on parole under the jurisdiction of a Virginia parole officer. However, this information fails to disclose that any of those charges were brought or any sentences imposed in this court. It also shows that in the year he absconded and for over seven years thereafter he was criminally charged in four different states ranging from Illinois to Florida.

The argument of the defendant principally is that he was in the custody of the Commonwealth at various times since he absconded and during such times he was available to be sentenced by this court but was not, resulting in the violation of his speedy trial rights.

In *Knott* v. *Commonwealth*, 215 Va. 531 (1975), the defendant escaped from a penal institution, was captured and returned to the custody of the Commonwealth and later indicted for the escape. At all times subsequent to the indictment he was held on various charges in several penal institutions of the Commonwealth but not brought to trial for the escape until expiration of the statutory period for a speedy trial. On appeal his conviction was reversed, the Court holding:

> Since. . . defendant was held by the Commonwealth in her penal institutions and was available for trial in the court in which the case was pending, we are of the opinion that he was being "held. . . for trial" within the meaning of the speedy trial statute and was entitled to claim its protection.

It is true that the defendant in the present case has during the more than eleven years since he absconded at times been in penal institutions of the Commonwealth and hence under *Knott* available for trial. The crux of the problem is the meaning of "trial" vis-a-vis speedy trial rights. There are distinctions between being tried and being sentenced, as attested to by, e.g., *Head* v. *Commonwealth*, 3 Va. App. 163 (1986).

In construing § 19.2-259 requiring a defendant on trial for felony to be personally present during the trial, the phrase "during the trial" was defined as every stage thereof commencing with the arraignment and ending with the sentencing. *Jones* v. *Commonwealth*, 227 Va. 425 (1985); *Bilokur* v. *Commonwealth*, 221 Va. 467 (1980). Trial so defined, however, relates to presence of the accused at a felony prosecution. That the word trial may have different meanings in different contexts, including that of speedy trial, is indicated by *Butts* v. *Commonwealth*, 145 Va. 800 (1926). There the accused went to trial and was found guilty by jury verdict following which motion for new trial was made. After over three and one-half

years the motion was ruled on and judgment and sentence pronounced. The opinion, in affirming the trial court on the point but reversing on other grounds, holds that if an accused is actually *brought to trial* within the time required by the speedy trial statute those provisions have been sufficiently complied with, even though imposition of sentence is delayed beyond the speedy trial time limits.

Citing Article I, § 8, *Howell* v. *Commonwealth*, 186 Va. 894 (1947), affirmed *Butts*, and set out the four objects the constitutional provision was designed to effect. The last of the four chronologically is "to submit the evidence for and against the accused to an impartial jury within a reasonable time after the indictment has been returned." Nothing in the constitutional provision nor in § 19.2-243 passed in pursuance of it mentions passage of judgment and sentencing. Thus speedy trial means bringing to conclusion within the required time resolution of the issue of innocence or guilt by a jury. Even so, subsection 4 of that statute in pertinent part excludes from computation of the time limits delay caused "by reason of [the accused]. . . failing to appear according to his recognizance."

The entry of the defendant intelligently and voluntarily of his plea of guilty was for the purposes of this case the equivalent of a verdict of a jury. In that sense under the cases above his being brought to trial was well within the constitutional and statutory requirements.

A second point is the failure of the defendant during all the intervening years to request that he be sentenced and nothing has been proffered to show he was prevented during that time from doing so. With respect to speedy trial the silence of the accused or his failure to demand timely submission of his case for determination of innocence or guilt does not prevent him from claiming the benefit of his speedy trial rights, *Godfrey* v. *Commonwealth*, 227 Va. 460 (1984); *Walker* v. *Commonwealth*, 225 Va. 5 (1983); *Flanary* v. *Commonwealth*, 184 Va. 204 (1945); (but failure to invoke those rights until after verdict and final judgment constitutes a waiver of the right); *Rose* v. *Commonwealth*, 189 Va. 771 (1949); *Butts, supra.*

*Butts* points out, however, that where judgment is withheld "without reason or excuse therefor," while a violation of the constitutional right of the accused he

must assert that right and on failure to do so is "deemed to have waived it." The case points out that the defendant there could have moved the trial court for a discharge from further prosecution or could have sought a mandamus against the trial court to dispose of the case more promptly or could have applied for a writ of habeas corpus.

The defendant did neither of the latter two and pursued the first only after he was involuntarily before the court after his voluntary frustration of its custody for eleven and one-half years. There was reason and excuse for delay in sentencing, and that lay with the intentional actions of the defendant. At any time during that long interim he could have demanded to be sentenced, but the experience of this Court through the years has been that the vast majority of guilty defendants show considerable diffidence if not actual reluctance to being sentenced. By his long delay in asserting his right to be sentenced he is at this late date and under the circumstances estopped from asserting it.

Respecting the defendant's Sixth Amendment claim, that constitutional provision is not unlike that of Article I, § 8. It has often been similarly construed. *See* generally the Constitution of the United States of America, Senate Document No. 92-82, 1972, pages 1196-1199. Under the Sixth Amendment there are cases intimating that sentencing is part of the trial and that unjustified delay in imposing sentence might violate the guarantee of speedy trial. *Pollard* v. *United States*, 352 U.S. 354 (1957). Even so, under that amendment four factors have been mentioned as considerations in determining if speedy trial rights have been violated: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker* v. *Wingo*, 407 U.S. 514, 530 (1972). No prejudice to him resulting from delayed sentencing has been cited by the defendant. Length of and reason for delay as well as assertion of speedy trial rights have been examined above and they are here found not to amount to a violation of the defendant's federal constitutional right to speedy trial.

Defendant cites § 19.2-298 requiring that sentence be pronounced "without unreasonable delay." From what has been said above, under the circumstances of this case, including the withdrawal of his appointed attorney of many years previous and necessity to appoint a second

attorney and his time spent in familiarizing himself with the case and filing and arguing motions in respect thereto, in the opinion of the Court there has been no unreasonable delay in pronouncing sentence. This is not to say that under other circumstances delay in pronouncing sentence may not be a violation of a constitutional right of the defendant, and the *Butts* case is authority for that. Unusual and unwarranted delay in this regard, if not a violation of a right to a speedy "trial," would no doubt be a violation of the law of the land or its equivalent, *Klimko* v. *Virginia Employment Commission*, 216 Va. 750 (1976), more lately expressed as due process.

For the foregoing the defendant's motion to dismiss for failure to afford a speedy trial and for failure to sentence within a reasonable time land his motion for re-hearing in relation thereto are denied.