## Alexandria

ROBERT V. FUNK

v.

COMMONWEALTH OF VIRGINIA

No. 0059-92-4

Decided July 6, 1993

COUNSEL

(Carl N. Lauer; Niles, Dulaney, Parket & Lauer, on brief), for appellant.

(Thomas C. Daniel, Assistant Attorney General; Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—The defendant appeals from a conviction for escape from jail. We hold that his right to a speedy trial under Code § 19.2-243 required that he be tried within five months after he was detained in Virginia following indictment even though he was detained in a different jurisdiction from that in which his charge was pending.

The defendant escaped from the Fauquier County jail on December 12, 1988. He was arrested in Pennsylvania on March 29, 1989, and incarcerated there for three charges of larceny committed in Pennsylvania. The defendant pleaded guilty to the larceny charges and spent the next eighteen months in prison in Pennsylvania.

While the defendant was in prison in Pennsylvania, a detainer was filed by the Fauquier County Sheriff's Office to hold the defendant for extradition. The defendant was served with copies of the capias and the indictment for the escape charge. However, the Commonwealth took no further action to extradite him.

After being released from prison, the defendant returned to Virginia where, on January 3, 1991, he was arrested in Hanover County on charges unrelated to his escape. The next day he was detained on the escape charge based on a teletype from Fauquier County and on April 9, 1991, he was served with the original arrest warrant for escape. He remained in custody continuously from January 3, 1991, until his trial for the escape offense on August 28, 1991.[1]

The detention of the defendant in Hanover county on the escape charge was an arrest of the defendant for that offense. Fauquier County sent a teletype to the Hanover County Sheriff's Department stating the defendant's name and the crime with which he was charged and requesting his detention. The teletype constituted authority for the Hanover County Sheriff's Department to arrest the defendant. *See* Code § 19.2-81. Thus, the defendant's detention pursuant to that authority was an arrest on the escape charge.

Thereafter, the defendant was continuously held in custody until his trial, more than five months later. At any time during that period,

---

[1]  The defendant sought and obtained a continuance of the trial on July 29, 1991; however, this occurred after he had been held in custody continuously for more than five months following his detention in Hanover County at the request of Fauquier County.

Fauquier County could have obtained the defendant and brought him to trial. *See* Code § 53.1-21. The defendant's trial had to commence within five months of his arrest. *See* Code § 19.2-243. It did not, and he must, therefore, be discharged from prosecution. *See Knott v. Commonwealth*, 215 Va. 531, 533, 211 S.E.2d 86, 87 (1975).

We find that the defendant's right to a speedy trial under Code § 19.2-243 was violated by the delay in bringing him to trial after he was arrested in Hanover County. Accordingly, the defendant's conviction is reversed and the charge is dismissed.

*Reversed and dismissed.*

Willis, J., and Fitzpatrick, J., concurred.