COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


JAMES ARTHUR PRICE, JR.
                                        OPINION BY
v.   Record No. 2313-96-1           JUDGE RICHARD S. BRAY
                                        OCTOBER 28, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                    Verbena M. Askew, Judge

          (David G. Wittan, on briefs), for appellant.
           Appellant submitting on brief.

          Kimberley A. Whittle, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.



     James Arthur Price, Jr. (defendant), a juvenile transferred

to the circuit court for trial as an adult, was convicted on

indictments charging robbery and the related use of a firearm.

Defendant complains on appeal that he was denied a speedy trial

in violation of Code § 19.2-243.  Finding that defendant was

continuously in custody in excess of five months from the finding

of probable cause to the commencement of trial, contrary to

statute, we reverse the convictions.

     The pertinent procedural history is uncontroverted.

Defendant was arrested and incarcerated on September 19, 1995,

upon petitions alleging the instant offenses.  Defendant was then

on probation and subject to the attendant supervision and

jurisdiction of the Newport News Juvenile and Domestic Relations

District Court (district court) as a result of unrelated prior

offenses.

On motion of the Commonwealth to transfer defendant to the circuit court for prosecution as an adult, the district court conducted a hearing in accordance with former Code § 16.1-269.1[1] on October 4, 1995.  At the conclusion of these proceedings, the district court found "probable cause to believe [defendant] committed the delinquent act[s] alleged," ordered him transferred and certified to the circuit court for "proper criminal [prosecution]," and "[r]emanded to . . . the Newport News City Jail."  The district court also determined that defendant had violated terms of the unrelated probation and "committed" him to the custody of the Department of Juvenile Justice (Department).  Defendant did not appeal either disposition and remained in custody on both.

Defendant was indicted in the circuit court (trial court) for the subject crimes on November 13, 1995, and trial was scheduled for December 15, 1995.  Subsequently, the prosecutor discovered that the trial court had entered no order "advising the attorney for the Commonwealth that he may seek an indictment" in accordance with Code § 16.1-269.6(B), and, on December 15, 1995, moved the court to "quash" the November indictments.[2]

---

[1]The 1996 amendments to Code §§ 16.1-269.1 and 16.1-269.6 expressly apply only "to offenses committed and to records created and proceedings held with respect to those offenses on or after July 1, 1996."  See 1996 Va. Acts chs. 755, 914.  Unless otherwise specified, this opinion references the controlling former statutes, enacted in 1994.

[2]Rule 3A:9(a) of the Rules of the Virginia Supreme Court provides that "[d]efenses and objections made before trial that heretofore could have been made by other pleas or by demurrers

Defendant, though still in custody, did not appear for argument on the motion; however, his counsel was present, voiced no objection, and the court granted the motion. The record reflects no related consideration or modification of defendant's continuing custodial status pursuant to the transfer order of October 4, 1995.

Shortly thereafter, defendant's probation officer, Gregory Haywood, learned of the December 15, 1995 proceedings, contacted the prosecutor on December 18, 1995, and reminded him that defendant was in the custody of the Department. Haywood testified that, as a result of the instant offenses, the Department had "classified" defendant as a "major offender," thereby changing his "length of stay" from "several months" on the unrelated probation violation to "indeterminate," pending a disposition by the trial court.

On January 3, 1996, the trial court entered an order properly authorizing the Commonwealth to seek indictments and directing that defendant "be transferred from the juvenile detention facility to the Newport News City Jail." Accordingly, defendant was again indicted on January 8, 1996, and thereafter arrested on a capias and "remanded to jail," although already in custody dating from arrest on September 19, 1995. He remained in

and motions to quash shall be made only by motion to dismiss or to grant appropriate relief, as provided in these Rules." Because the parties and the trial court referenced the Commonwealth's "motion to quash" the indictments, this opinion adopts such terminology.

custody until trial on July 11, 1996.

Code § 19.2-243, oftentimes referenced as the "speedy trial statute," provides, in pertinent part, that

> [w]here a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court; . . . .
>
> If there was no preliminary hearing in the district court, or if such preliminary hearing was waived by the accused, the commencement of the running of the five and nine months periods, respectively, set forth in this section, shall be from the date an indictment or presentment is found against the accused.
>
> If an indictment or presentment is found against the accused but he has not been arrested for the offense charged therein, the five and nine months periods, respectively, shall commence to run from the date of his arrest thereon.[3] . . .

On May 9, 1996, defendant moved to dismiss the prosecutions as violative of the speedy trial statute. The trial court denied the motion and convicted defendant at trial on July 11, 1996. Defendant argues on appeal that "even after the [initial] indictments were quashed, the underlying transferred charges still rested in the bosom of the [circuit] court, awaiting action by the judge in accordance with Code § 16.1-269.6(B)." Thus, defendant reasons that he remained in continuous custody on the

---

[3]The provisions of Code § 19.2-243 do not apply to delays occasioned by certain causes not in issue here.

offenses from the finding of probable cause by the district court on October 4, 1995, until trial on July 11, 1996, a period substantially in excess of the five months prescribed by Code § 19.2-243.

In response, the Commonwealth suggests that the district court proceedings did not constitute a "preliminary hearing" and lacked the determination of probable cause contemplated by the speedy trial statute. The Commonwealth, therefore, maintains that defendant was prosecuted on the indictments of January 8, 1996, following a nolle prosequi of the previous indictments, thus triggering the speedy trial time clock on January 8, 1996, not October 4, 1995.[4] Moreover, the Commonwealth attributes defendant's "continuous custody" to "other charges," which excluded the instant prosecution from the limitations of Code § 19.2-243. The Commonwealth's arguments, however, overlook the procedural course of the prosecution.

Defendant, a juvenile, came before the district court, the court having "exclusive, original jurisdiction," upon petitions alleging commission of the offenses. See Code § 16.1-241; Burfoot v. Commonwealth, 23 Va. App. 38, 45, 473 S.E.2d 724, 728 (1996) (citing Peyton v. French, 207 Va. 73, 79, 147 S.E.2d 739, 742 (1966)). On motion of the Commonwealth, the district court conducted a transfer hearing pursuant to Code § 16.1-269.1, which

_____

[4]If the speedy trial computation begins on January 8, 1996, it is undisputed that the trial was timely.

- 5 -

provided, in relevant part, that:

> If a juvenile fourteen years of age or older
> is charged with an offense which would be a
> felony if committed by an adult, the court
> shall, on motion of the attorney for the
> Commonwealth and prior to a hearing on the
> merits, hold a transfer hearing and may
> retain jurisdiction or transfer such juvenile
> for proper criminal proceedings to the
> appropriate circuit court having criminal
> jurisdiction of such offenses if committed by
> an adult.  Any transfer to the appropriate
> circuit court shall be subject to the
> . . . condition[] [that] . . . [t]he juvenile
> court finds that <u>probable</u> <u>cause</u> exists to
> believe that the juvenile committed the
> delinquent act as alleged or a lesser
> included delinquent act which would be a
> felony if committed by an adult . . . .

1994 Va. Acts chs. 859, 949 (emphasis added) (codified as Code
§ 16.1-269.1 and amended by 1996 Va. Acts chs. 755, 914).  Thus,
the jurisdiction of the circuit court over defendant was
predicated upon a proper transfer hearing in the district court
and related order.

This statutory scheme "'afford[s] juvenile defendants . . .
the protection and expertise of the juvenile court <u>during the</u>
<u>preliminary</u>, or certification, <u>hearing stage of a criminal</u>
<u>prosecution</u>.'"  <u>Burfoot</u>, 23 Va. App. at 46, 473 S.E.2d at 728
(emphasis added) (quoting <u>Payne v. Warden</u>, 223 Va. 180, 184, 285
S.E.2d 886, 888 (1982)).  Although the transfer hearing "'is not
as limited in its scope as a preliminary hearing under the
criminal procedures applicable to an adult,'" <u>id.</u> at 46, 473
S.E.2d at 728 (quoting <u>Peyton</u>, 207 Va. at 78, 147 S.E.2d at 742),
both proceedings require the district court to find probable

- 6 -

cause to believe that the accused committed the alleged felonious act as a condition to further prosecution of the offense in the circuit court. See Code § 16.1-269.1(A)(2); Code § 19.2-218; Burfoot, 23 Va. App. at 45, 473 S.E.2d at 728.

Accordingly, when the district court certified and transferred defendant for trial as an adult in the circuit court, the district court necessarily found the requisite probable cause contemplated by the speedy trial statute. Because the transfer order directed that defendant be "[r]emanded to jail," the prescribed five month limitation of Code § 19.2-243 commenced on October 4, 1995. It is immaterial that such custody coincided with detention of defendant incidental to the unrelated commitment. See Funk v. Commonwealth, 16 Va. App. 694, 695-96, 432 S.E.2d 193, 194 (1993).

Following entry of the transfer order by the district court, Code § 16.1-269.6(A) directed that "the clerk [of the district court] . . . forward . . . all papers connected with the case" to the trial court, Code § 16.1-269.6(A), which "shall [then] . . . examine all such papers, . . . and enter an order either remanding the case to the juvenile court or advising the attorney for the Commonwealth that he may seek an indictment." Code § 16.1-269.6(B). Upon authorizing indictment, the circuit court must order transfer of the "juvenile from the juvenile detention facility to an appropriate local correctional facility," Code § 16.1-269.6(B), and the juvenile court shall be "divest[ed]

- 7 -

. . . of its jurisdiction over the case."  Code § 16.1-269.6(C). Adherence to the statutory transfer procedure is mandatory and jurisdictional.  Burfoot, 23 Va. App. at 48-49, 473 S.E.2d at 730; see Peyton, 207 Va. at 80, 147 S.E.2d at 743.

Thus, irrespective of the trial court's order to quash, the initial indictments of defendant were a nullity, obtained without the benefit of the enabling order required by Code § 16.1-269.6(B).  The court simply remedied of record an error or oversight in the proceedings, without disturbing the legal efficacy of the pending transfer order or effecting a nolle prosequi.  See Cheeks v. Commonwealth, 20 Va. App. 578, 586, 459 S.E.2d 107, 111 (1995) (reversed and remanded to circuit court a conviction resulting from erroneous transfer proceedings in the circuit court).  Otherwise, the circuit court would have been without the procedural vehicle necessary to authorize the January 8, 1996 indictments pursuant to Code § 16.1-269.6.

Accordingly, defendant was held continuously in custody from the finding of probable cause in the district court on October 4, 1995, until trial on July 11, 1996, in violation of Code § 19.2-243, and we must reverse and dismiss the convictions.

Reversed and dismissed.