# CIRCUIT COURT OF ISLE OF WIGHT COUNTY

Commonwealth of Virginia

v.

Andrew Thomas Norton

March 13, 2001

Case Nos. CR00-338, CR00-341

BY JUDGE D. ARTHUR KELSEY

The defendant, Andrew Thomas Norton, claims the Commonwealth violated his statutory right to a speedy trial by failing to bring his case to trial within the five-month time limit of Va. Code Ann. § 19.2-243 (Michie 2000). The Commonwealth missed the deadline because (i) the Commonwealth was unable to secure Norton's presence on the date of the Isle of Wight trial because he had a court appearance in Hampton on that same day, and (ii) the Commonwealth asked that the Isle of Wight trial date be rescheduled, over the defendant's objection, beyond the five-month period. The Commonwealth asserts three reasons seeking either to recalculate the delay period, to excuse the delay, or to attribute a portion of the delay to the defendant. Finding each reason legally insufficient, the Court grants Norton's motion to dismiss the indictments.[1]

The Commonwealth asserts that Norton burglarized a home in Isle of Wight and stole personal belongings of the homeowner on May 24, 2000. After his arrest, Norton was incarcerated in the Hampton City Jail on other charges. Pursuant to a Commitment Order issued by Magistrate Philip

---

[1] W. Parker Councill, Commonwealth's Attorney for Isle of Wight, represents the Commonwealth. Patrick A. Paciello, Assistant Public Defender, represents Norton.

Spratley, III, the jailer was ordered to also keep Norton in custody on the Isle of Wight charges.

The Isle of Wight General District Court scheduled Norton's preliminary hearing for August 10, 2000. To ensure Norton's appearance at the hearing, at the Commonwealth's request, the Isle of Wight Clerk of Court issued a Custodial Transportation Order directing that Norton be transferred from the Hampton City Jail to the Isle of Wight Courthouse. At the preliminary hearing, the prosecutor gave a proffer of the Commonwealth's evidence and Norton's counsel made an oral stipulation of probable cause. Upon hearing the stipulated proffer, the General District Court certified the case to the grand jury. *See* Original Disposition (Aug. 10, 2000).

On September 11, criminal term day in Isle of Wight, the grand jury returned indictments against Norton for statutory burglary and grand larceny. The Court thereafter issued a standard term day order scheduling Norton's trial for December 27, well within the five-month period. *See* Term Day Order (Sept. 15, 2000) (Delk, J.).

Norton appeared before the Isle of Wight Circuit Court for a bond hearing on October 4. Two days prior to that hearing, the Clerk of Court issued another Custodial Transportation Order directing that Norton be transferred from the Hampton City Jail to the Isle of Wight Courthouse. During the bond hearing, Norton testified that he had seventeen charges pending in Hampton. *See* Transcript of Testimony at 4 (Oct. 4, 2000). When asked to explain why he had two failure-to-appear charges on his record, Norton explained that "I had so many court dates I just lost track of them. I really didn't know I had them, tell you the truth." *Id.* at 6. The Court denied bail and ordered that Norton remain in custody until trial. *See* Order (Oct. 18, 2000) (Parker, J.). The Court's order denying bail again noted the trial date as December 27.

The parties appeared again before the Isle of Wight Circuit Court on December 6 for a pretrial arraignment and an additional colloquy regarding the jury trial election. At that hearing, Norton waived his right to a jury trial and agreed to submit the case to the Court for a decision. Again with the concurrence of both parties, the Court reiterated the trial date as December 27. The Court also accepted Norton's jury waiver. *See* Order (Dec. 12, 2000) (Godwin, J.); *see generally* Va. Code Ann. § 19.2-257 (Michie 2000) (jury trial waiver requires the joint "concurrence" of the court and the prosecutor).

On December 27, the day of trial, Norton moved for a continuance. The Court granted this motion, resetting the matter for a bench trial on January 17, 2001. *See* Order (Dec. 29, 2000) (Delk, J.). About a week before the next trial date, the Clerk of Court issued another Custodial Transportation Order directing that Norton be escorted from the Hampton City Jail to the Isle of

Wight Courthouse for trial on January 17. On January 17, Judge Benjamin A. Williams called the case for trial. The Commonwealth's Attorney advised Judge Williams that Norton "was not available" because he was "in Hampton Circuit Court today on other charges that they are prosecuting him for . . . We found that out yesterday. . . ." Transcript of Hearing at 2 (Jan. 17, 2001). The Hampton trial would likely be completed that day, and thus, the Isle of Wight Commonwealth's Attorney advised the Court: "I guess we can get him any day after today." *Id.* at 3.

When the Clerk of Court inquired, "Whose motion?," the defense counsel replied, "Not mine. I'm ready to go today." *Id.* at 2. Norton's counsel further argued that the "Commonwealth has complete control over him, Your Honor. I have no control over my client and neither does he." *Id.* The Commonwealth's Attorney, however, asserted that the inability to try "two cases on one day" was "specifically one of the reasons in the Code that excuses the delay. . . ." *Id.* at 2-3.

After asking the Commonwealth's Attorney about his ability to assure Norton's presence at a rescheduled trial, Judge Williams directly asked: "Is time a problem?" The Commonwealth's Attorney answered, "No, sir, it's not a problem." *Id.* at 3. When the Commonwealth's Attorney proposed a new trial date, the defense counsel replied: "I just want to say I'm ready to go today and I object to any continuance, Your Honor." *Id.* at 4. On the motion of the Commonwealth, Judge Williams continued the trial to February 14 "over the objection of the public defender." *Id.* at 5.

The January 29 Order also states that the Court directed that the continuance be "charged to the defendant." The transcript of the hearing, however, reveals only that Judge Williams granted a continuance. Though the Commonwealth's Attorney briefly commented on the speedy trial issue (erroneously stating that an express statutory exception existed for just this type of situation), Judge Williams voiced no view on the subject. Given the absence of any legal briefing and the presence of erroneous advice, it would be manifestly unfair for this Court not to reconsider whether the time period should count against the Commonwealth or be charged to Norton. As a result, the Court hereby vacates from the January 29 Order the attribution of the continuance period to Norton.

The Commonwealth requested the February 14 trial date because of the desire to try Norton on the same day as a related defendant. *Id.* at 4. Concluding that time was "not a problem," *id.* at 3, the Commonwealth did not seek to schedule the trial on January 24 or 31, the next two available dates

on the Court's criminal trial docket, both within the statutory limitation period (five months less the continuance period requested by the defendant).[2]

On February 7, Norton filed a motion to dismiss the indictments on the ground that the Commonwealth violated his statutory "right to a speedy trial" by postponing the trial beyond the five-month limitation period of Va. Code Ann. § 19.2-243. Norton asserts that he has been in custody since the date of the preliminary hearing, August 10, 2000, and the only delay attributable to him is the continuance he requested from December 27 to January 17.

The Commonwealth contends that the limitation period has not been exceeded for three reasons. First, the Commonwealth argues that the five-month period should run from the date of indictment rather than the preliminary hearing. Second, the Commonwealth asserts that the February 14 trial should be deemed timely because of Norton's unavailability for the January 17 trial. Finally, according to the Commonwealth, Norton acquiesced to a continuance from the pretrial arraignment hearing on December 6 to the first trial date on December 27. If any one of these reasons succeed, the Commonwealth points out, Norton's motion must fail.

The Virginia General Assembly intended the speedy trial statute to "clarify and augment the constitutional guarantees of the Sixth Amendment to the United States Constitution and Article I, § 8 of the Virginia Constitution." *Bunton v. Commonwealth*, 6 Va. App. 557, 558, 370 S.E.2d 470, 470 (1988); *see generally* Ronald J. Bacigal, *Virginia Criminal Procedure* §§ 14-10 to 14-12, 296-304 (4th ed. 1999). The speedy trial statute should be construed "to assure both a defendant's constitutional right to a speedy trial and society's interest in 'swift and certain justice'." *Clark v. Commonwealth*, 4 Va. App. 3, 5, 353 S.E.2d 790, 791 (1987) (quoting *Fowlkes v. Commonwealth*, 218 Va. 763, 766-67, 240 S.E.2d 662, 664 (1978)).

The constitutional right to a speedy trial, however, differs greatly from its statutory protectorate. Whether an accused's constitutional right to a speedy trial has been infringed involves "a difficult and sensitive balancing process in which the court examines on an *ad hoc* basis the conduct of both the state and the accused which led to a delay in prosecution." *Jefferson v. Commonwealth*, 23 Va. App. 652, 658, 479 S.E.2d 80, 82 (1996) (citation

---

[2] After Norton filed the speedy trial motion, the Commonwealth took the position that full dockets and the difficulties of summoning witnesses on short notice motivated the Commonwealth not to set the trial on January 24 and 31. The transcript of the hearing before Judge Williams shows only that the Commonwealth wanted to schedule the trial for February 14 in order to try the case on the same day as a related defendant.

omitted). Four factors must be examined: (i) length of delay, (ii) the reason for the delay, (iii) the defendant's assertion of his right to speedy trial, and (iv) prejudice to the defendant. *Miller v. Commonwealth*, 29 Va. App. 625, 632, 513 S.E.2d 896, 900 (1999); *see also Barker v. Wingo*, 407 U.S. 514, 530 (1972). None of these four factors should be treated as "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial," but rather should be viewed as interrelated considerations along with "other circumstances as may be relevant." *Holliday v. Commonwealth*, 3 Va. App. 612, 616, 352 S.E.2d 362, 364 (1987) (citation omitted).

The speedy trial statute, in direct contrast to its constitutional *raison d'être*, does not require the accused to show that the delay in bringing his case to trial caused him actual prejudice. Even though the statute "embodies" the constitutional right to a speedy trial, the statute itself "requires no balancing test but speaks instead in specific and absolute terms." *Williams v. Commonwealth*, 2 Va. App. 566, 570, 347 S.E.2d 146, 148 (1986). Indeed, the statute "requires no showing of prejudice in any form." *Fowlkes*, 218 Va. at 771, n. 5, 240 S.E.2d at 667, n. 5. For this reason, as one commentator has explained, the statutory "remedy is draconian," John L. Costello, *Virginia Criminal Law & Procedure* § 52.3-4, at 674 (2d ed. 1995), because it functions as a *de facto* "legislative pardon" by forever discharging the accused from criminal liability, *Flanary v. Commonwealth*, 184 Va. 204, 208, 35 S.E.2d 135, 137 (1945) (citation omitted), despite the fact that the accused cannot show that the delay caused any measurable harm to his substantive rights. On this point, it must be remembered: "It is the duty of the court to construe the language of the statute and not to pass upon its wisdom. To read into the statute a meaning which is contrary to the ordinary definition of the words used is judicial legislation and not judicial construction. If the statute, as written, permits guilty parties to escape justice, this fact should be brought to the attention of the General Assembly which alone has the authority to legislate." *Flanary v. Commonwealth*, 184 Va. 204, 212, 35 S.E.2d 135, 138 (1945) (interpreting a predecessor speedy trial statute).

Under the speedy trial statute, an accused held "continuously in custody" must be brought to trial within five months of his preliminary hearing or, if none, five months from the date of his indictment. Va. Code Ann. § 19.2-243. If the trial takes place beyond this limitation, the accused must be set free unless the Commonwealth can adequately "explain and excuse the delay." *Heath v. Commonwealth*, 32 Va. App. 176, 181, 526 S.E.2d 798, 800 (2000) (*en banc*), *aff'd*, 261 Va. 389, 541 S.E.2d 906 (2001) (quoting *Adkins v. Commonwealth*, 13 Va. App. 519, 521, 414 S.E.2d 188, 189 (1992)). This typically involves an effort by the Commonwealth to demonstrate that the

delay was based on one of the "reasons enumerated" in the speedy trial statute or based on the accused's "waiver, actual or implied, of his right to be tried within the designated period." *Id.* (quoting *Powell v. Commonwealth*, 29 Va. App. 745, 748, 514 S.E.2d 785, 787 (1999)). If the Commonwealth fails to meet this burden, the statute requires that the defendant be "forever discharged from prosecution" for that offense. Va. Code Ann. § 19.2-243.

Contrary to the comments made by the Commonwealth's Attorney to Judge Williams on the date of the aborted trial on December 27, the speedy trial statute does not include any express exception to the five-month period for cases where one prosecutor cannot obtain an accused for trial because another prosecutor in a neighboring jurisdiction has the man before a different court that very day.[3] The statutory list of excuses, however, does not displace unlisted excuses of "similar" merit. *Bunton v. Commonwealth*, 6 Va. App. 557, 559, 370 S.E.2d 470, 471 (1988). In other words, the specified reasons "for excusable delay listed in the statute are not exclusive; other similar circumstances may excuse delay in trying the accused within the designated time." *Fisher v. Commonwealth*, 26 Va. App. 788, 792, 497 S.E.2d 162, 164 (1998) (quoting *Adkins v. Commonwealth*, 13 Va. App. 519, 521, 414 S.E.2d 188, 189 (1992), and *Stephens v. Commonwealth*, 225 Va. 224, 230, 301 S.E.2d 22, 25 (1983)). "The truth is the statute never meant by its enumeration of exceptions, or excuses for failure to try, to exclude others of a similar nature or *in pari ratione*. . . ." *Stephens v. Commonwealth*, 225 Va. 224, 230, 301 S.E.2d 22, 25 (1983) (citation omitted).

The Commonwealth argues that the five-month period of § 19.2-243 should run from the date of indictment because "[t]his defendant, by any definition, did not have a preliminary hearing." Brief in Opposition to Motion to Dismiss under § 19.2-243 (March 2, 2001). The Commonwealth reaches this conclusion by pointing out that no witnesses were sworn and no testimonial evidence was formally presented. The Commonwealth's argument, however, seems to assume away that the general district court scheduled the proceeding on its docket as a "preliminary hearing"; Norton and his attorney attended the hearing; the Commonwealth made a proffer of evidence to the district court; Norton made an oral stipulation acknowledging that the proffered evidence sufficiently demonstrated probable cause; and the general

---

[3] The only express exception arguably close would be the proviso which excuses a delay where "the witnesses for the Commonwealth [are] being enticed or kept away, or prevented from attending by sickness or accident." Va. Code Ann. § 19.2-243.

district court's Disposition Notice reflects that the judge made a judicial finding of probable cause and certified the case to the grand jury.

This proceeding fully complied with Va. Code Ann. § 19.2-183(B) (Michie 2000), which required the General District Court to conduct the hearing "in accordance with the rules of evidence applicable to criminal trials in this Commonwealth." Evidentiary principles treat stipulations as substantive evidence, to be given whatever weight the fact finder chooses to give it. The "function of stipulations" is simply "to identify factual matters which are not in dispute." *Royal v. Commonwealth*, 250 Va. 110, 116, 458 S.E.2d 575, 578 (1995). "In many instances, the necessity for formal proof may be obviated by the willingness of the opponent to stipulate to certain questions of fact or law." Charles F. Friend, *The Law of Evidence in Virginia* § 1-3(g), at 8 (5th ed. 1999). To be sure, even in cases where "the procedure is technical, cases are frequently disposed of on such stipulations of facts." *Harris v. Diamond Const. Co.*, 184 Va. 711, 724-25, 36 S.E.2d 573, 579 (1946). "A trial conducted in this manner is no less a 'hearing' than is one at which the witnesses testify at length." *Id.*

By relying on the Commonwealth's proffer and the defendant's stipulation that the proffer was sufficient, the General District Court in no way conducted the proceeding at a level below that expected of a preliminary hearing — any more than a circuit court, when presented with a guilty plea, fails to comply with its duty to "hear and determine the case" under § 19.2-257 by receiving a proffer from the Commonwealth and a stipulation from the defendant that the proffer is sufficient. The General District Court in Norton's case, by any reasonable definition, conducted a preliminary hearing when it made a judicial finding of probable cause based upon the proffer and stipulation. The five-month period, therefore, runs from the date of the preliminary hearing on August 10.

The Commonwealth's second argument rests on the assertion that Norton's unavailability at his January 17 trial in Isle of Wight (due to his trial in Hampton that same day) cannot be attributable to the Commonwealth. Because no express statutory exception exists for this circumstance, the Commonwealth must seek the protection of the *pari ratione* doctrine. This effort, however, meets stiff resistance from *Knott v. Commonwealth*, 215 Va. 531, 533, 211 S.E.2d 86, 87 (1975). There, the Virginia Supreme Court observed that the judicial power to retrieve an inmate from a penal institution for trial, at the request of the Commonwealth, reaches "into every penal institution within the jurisdiction of the sovereign." *Id.* When the Commonwealth fails to accomplish this task, it has no one to blame but itself. "What could have been done to grant a speedy trial should have been done."

*Id.; see also Funk v. Commonwealth*, 16 Va. App. 694, 695-96, 432 S.E.2d 193, 194 (1993) ("[T]he defendant was continuously held in custody until his trial, more than five months later. At any time during that period, Fauquier County could have obtained the defendant and brought him to trial."). *See, e.g., Fowlkes v. Commonwealth*, 218 Va. 763, 767, 240 S.E.2d 662, 665 (1978) ("None of the delay in the case at bar was attributable to defendant. . . . The last five continuances were granted because the Commonwealth failed to bring defendant, incarcerated on a traffic conviction in another jurisdiction, before the court."). After all, it is "the duty of officers charged with the responsibility of enforcing the criminal laws of the Commonwealth to *prepare for* and *obtain* a trial of an accused" within the time frame required by the speedy trial statute. *Knott*, 215 Va. at 533, 211 S.E.2d at 87 (emphasis added) (quoting *Flanary v. Commonwealth*, 184 Va. 204, 210-11, 35 S.E.2d 135, 138 (1945)).

It makes no difference that a defendant is simultaneously in custody on charges other than the one subject to the speedy trial objection, so long as he is truly in custody on that charge as well. *See Price v. Commonwealth*, 25 Va. App. 655, 661, 492 S.E.2d 447, 450 (1997), *aff'd*, 256 Va. 373, 506 S.E.2d 317 (1998); *Funk v. Commonwealth*, 16 Va. App. 694, 695-96, 432 S.E.2d 193, 194 (1993). In this case, joint incarceration exists as a result of the Commitment Order directed to the Hampton City Jail requiring that it detain Norton on the Isle of Wight charges.

Though recognizing the continued viability of the *pari ratione* doctrine, *Knott* found the doctrine inapplicable when the excuse given is simply the Commonwealth's failure to make the necessary arrangements to ensure an incarcerated defendant's presence at trial. The Virginia Supreme Court addressed that matter this way:

> And, as the Commonwealth says we have held that this enumeration was not intended to exclude other circumstances *in pari ratione. Wadley v. Commonwealth*, 98 Va. 803, 35 S.E. 452 (1900). *But if circumstances such as those in this case are to be sufficient to justify delay in bringing the accused to trial, the General Assembly must say so.* What it says must, of course, comply with the constraints of Article I, § 8, of the Constitution of Virginia and the Sixth Amendment to the Constitution of the United States. *See Nail v. Slayton*, 353 F. Supp. 1013 (W. D. Va. 1972).

*Knott*, 215 Va. at 533-34, 211 S.E.2d at 88 (emphasis added). Under *Knott*, the incarceration-somewhere-else excuse does not share a *pari ratione* with any of the express statutory exceptions.

In this case, the fortuity of Norton's being haled before two different courts of the Commonwealth on the same day hardly engenders sympathy for the prosecution. The Isle of Wight Commonwealth's Attorney knew as early as the October 4 bond hearing that Norton was being held in custody at the Hampton City Jail awaiting trial on seventeen charges pending there. *See* Transcript of Testimony at 4 (Oct. 4, 2000). No effort was made to coordinate the Isle of Wight trial date with the Hampton trial date. It appears clear that no communication at all took place on this subject.

To make matters worse, when the presiding judge directly inquired "Is time a problem?," the Commonwealth's Attorney answered: "No, sir, it's not a problem." Hearing Transcript at 3 (Jan. 17, 2001). Operating under this false sense of security, the Commonwealth did not reschedule the trial for January 24 or 31, two criminal docket days within the five-month period, because of the Commonwealth's desire to try Norton on February 14, the same day as the trial of a related defendant.

These circumstances compel the conclusion that the Commonwealth's failure to bring Norton's case to trial within the statutory period cannot be excused based on any express statutory exception or any *pari ratione* implied exception. The Commonwealth disagrees, contending that Norton was "simply overbooked" and should bear the blame for being scheduled "to be in two places at once." Brief In Opposition To Motion To Dismiss Under § 19.2-243, at 3. This argument, however, might be compelling were it not for the fact that (i) the Commonwealth had Norton in custody under its complete dominion and control, and (ii) Norton was "overbooked" because two Commonwealth's Attorneys expected Norton to be in two courtrooms on the same day, with neither coordinating his efforts with the other.[4] Though Commonwealth's Attorneys are separate constitutional officers, they serve the same sovereign. It seems little more than blame-shifting for that sovereign to fault a defendant for the anomaly of being prosecuted in two different jurisdictions on the same day.

Even if the last continuance cannot be attributed to Norton, it still must be determined if Norton's trial actually began on December 6 (within the five-month deadline) when Judge Godwin conducted a pretrial arraignment

---

[4] The situation does not parallel, as the Commonwealth suggests, a continuance caused by the defense attorney's failure to appear. *See, e.g., Jefferson v. Commonwealth*, 33 Va. App. 230, 237, 532 S.E.2d 899, 902 (2000).

hearing. *See generally Hutchins v. Commonwealth*, No. 1439-97-3 (Va. App. Jan. 19, 1999) (unpublished) (arraignment is the start of trial), *vacated en banc*, 30 Va. App. 574, 518 S.E.2d 838 (1999) (arraignment is not the start of trial), *en banc opinion rev'd on other grounds*, 260 Va. 293, 533 S.E.2d 622 (2000) (not addressing issue). The proposition that an arraignment can be viewed as the start of a criminal trial for speedy trial purposes, even if conceptually valid as a general matter, cannot be applied to this specific case.

In the Fifth Judicial Circuit, the Court routinely conducts two arraignments of criminal defendants. The first takes place prior to the actual trial date (often many weeks in advance) and the second occurs on the trial date. The pretrial arraignment serves to inform the Court whether the defendant seeks a trial by jury or prefers to waive that right and be tried by the Court.

At pretrial arraignments, neither the Court nor the parties have any expectation of trying the case after the presiding judge finishes the jury-waiver colloquy with the defendant. No witnesses are summoned for such hearings. Nor does the Court budget any time on its docket for the presentation of contested evidence. In addition, the Court has never treated the pretrial arraignment as the start of trial for purposes of Va. Code Ann. § 19.2-187 (Michie 2000) (requiring filing of certificates of analyses at least "seven days prior to . . . trial") or Virginia Supreme Court Rules 3A:9 and 3A:11 (requiring filings of various motions either ten or seven days "before the day fixed for trial"). For these reasons, in cases where the defendant pleads not guilty, it would be unprecedented for a pretrial arraignment in the Fifth Judicial Circuit to be characterized as the actual start of a criminal trial.[5]

Even so, the Commonwealth argues, Norton agreed at the pretrial arraignment on December 6 to continue the trial to December 27. Relying on the Virginia Supreme Court's opinion in *Hutchins*, the Commonwealth contends that a defendant waives his speedy trial rights when he agrees to a continuance at an arraignment hearing. As the Virginia Supreme Court held in *Hutchins*, when a defendant "requests, agrees to, or acquiesces in an order *that effectively continues a case*, the five-month speedy trial period of Code § 19.2-243 is tolled during the time reasonably specified by the court to carry out the terms of its order." *Heath, supra* (emphasis added) (citing *Hutchins*, 260 Va. at 297-98, 533 S.E.2d at 624-25)).

---

[5] In cases where the defendant pleads guilty at an arraignment hearing, the Court receives a proffer of evidence from the Commonwealth. When this occurs, the guilty plea "trial" takes place for purpose of § 19.2-243. *See Riddick v. Commonwealth*, 22 Va. App. 136, 142-44, 468 S.E.2d 135, 137-38 (1996).

The unique facts in *Hutchins* led to the conclusion that a continuance occurred because the parties agreed to reschedule the trial from the date of the arraignment to a later date. In other words, because no trial date other than the arraignment date had been previously set, the agreement to schedule the trial for a later date "constituted a continuance of the trial date within the intendment of Code § 19.2-243(4)." *Hutchins*, 260 Va. at 298, 533 S.E.2d at 625; *see also Heath, supra* ("it is of no consequence" that the trial date had not been set, given that the defendant's motion for a psychiatric exam "effectively" continued any trial until the results of the exam were known). The waiver principle recognized in *Hutchins*, however, deals not with the arraignment process or whether it constitutes the start of trial, but rather with the definition of a continuance. *Hutchins*, 260 Va. at 296-97, n. *, 533 S.E.2d at 625, n. *.

In this case, the Court did not continue Norton's trial date from the pretrial arraignment date to some later place on the criminal docket (as in *Hutchins*) or continue the case indefinitely due to a defense motion (as in *Heath*). The Court had already set Norton's trial for December 27 by a term day order entered on September 15, long before the pretrial arraignment hearing. *See* Order (Sept. 15, 2000) (Delk, J.). The bond hearing order also reiterated the trial date as December 27. *See* Order (Oct. 18, 2000) (Parker, J.) ("the defendant is remanded to jail, this case being set for trial on December 27"). To be sure, the pretrial arraignment order did not continue the trial date at all; it merely recited that the trial had *previously* been "set for December 27" by the term day order. Order (Dec. 12, 2000) (Godwin, J.). The trial date had been set for December 27 for nearly three months.

Under settled principles, the "time elapsing from the finding of probable cause to the *initial trial date*, even though the accused concurs in the trial date, is not a continuance within the contemplation of subsection (4) of the statute, but counts against the Commonwealth in a calculation of compliance." *Ballance v. Commonwealth*, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995) (citing *Nelms v. Commonwealth*, 11 Va. App. 639, 400 S.E.2d 799 (1991) (emphasis added)). Thus, the Commonwealth's assertion that Norton agreed to a continuance lacks the first essential premise of the argument, an actual continuance.[6]

---

[6] Given the absence of a continuance of any kind, the Court need not address the Commonwealth's argument that the *Hutchins de facto* continuance doctrine applies even in cases where, as here, the trial date selected falls within the statutory limitation period. *See* Brief in Opposition to Motion to Dismiss Under § 19.2-243, at 7 (March 2, 2001) ("Nowhere does the Court indicate that the trial date must fall outside the five-month period in order for its ruling in *Hutchins* to apply.").

The Court finds that Norton's trial did not take place within the five-month period required by Va. Code Ann. § 19.2-243. None of the three arguments offered by the Commonwealth can excuse the delay. Because the speedy trial statute speaks in "specific and absolute terms," *Williams*, 2 Va. App. at 570, 347 S.E.2d at 148, the Court has no choice but to grant Norton's motion to dismiss the indictments. It is so ordered.