BENTON, J.,
concurring, in part, and dissenting, in part.
I.
For the reasons that follow, I concur in the majority opinion’s holding that Kip Bailey’s trial was not barred by the speedy trial statute.
*808 The evidence proved that on March 7, 1997, when the preliminary hearing occurred for this narcotics offense, Bailey was in custody, albeit for another offense. In denying Bailey’s motion to dismiss, the trial judge misinterpreted the speedy trial law. The trial judge ruled as follows:
I think I understand what you’re saying, and I’m certainly going to dismiss the challenge to the speedy trial provisions of the code.... If he’s being held on another charge, not for this charge.
After the probable cause determination, Bailey remained continuously in custody through the trial on October 2, 1997. In Knott v. Commonwealth, 215 Va. 531, 211 S.E.2d 86 (1975), the Supreme Court, addressed a similar circumstance. Applying the predecessor statute to Code § 19.2-243, the Court held that an accused was “held” continuously in custody if the accused remained incarcerated, even if on an unrelated charge. Id. at 533, 211 S.E.2d at 87-88; see also Funk v. Commonwealth, 16 Va.App. 694, 432 S.E.2d 193 (1993). Thus, the reasoning underlying the trial judge’s ruling is contrary to Knott.
The majority opinion upholds the trial judge’s ruling for a reason not articulated by the trial judge. I agree that the record does not establish a speedy trial violation. The stipulation entered at trial between Bailey’s trial attorney and the Commonwealth clearly indicates that “on June 3, 1997, [when] the Commonwealth moved to continue the [trial, Bailey] ... did not object.” Code § 19.2-243 unambiguously provides that “[t]he provisions of this section shall not apply to such period of time as the failure to try the accused was caused ... by the failure of the accused or his counsel to make a timely objection to ... a motion [for continuance] by the attorney for the Commonwealth.” When this time is subtracted from the period between the probable cause determination and the trial, the record establishes no violation of Code § 19.2-243.
II.
I dissent from the holding that Bailey waived his right to counsel before the sentencing hearing occurred.
*809 “If the accused ... has not competently and intelligently waived his constitutional right [to counsel], the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty.” Johnson v. Zerbst, 804 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The burden is on the Commonwealth to prove a waiver. Brewer v. Williams, 430 U.S. 387, 404, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977). To meet that burden, the record must establish that such a waiver was voluntarily, knowingly, and intelligently made. Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
[It is] incumbent upon the State to prove “an intentional relinquishment or abandonment of a known right or privilege.” ... [T]he right to counsel does not depend upon a request by the defendant, and ... courts [must] indulge in every reasonable presumption against waiver. This strict standard applies equally to an alleged waiver of the right to counsel whether at trial or at a critical stage of pretrial proceedings.
Brewer, 430 U.S. at 404, 97 S.Ct. 1232 (citations omitted). Thus, when the Commonwealth relies upon such a waiver, it “must prove [the] essentials [of the waiver] by ‘clear, precise and unequivocal evidence ... [, which] must not leave the matter to mere inference or conjecture but must be certain in every particular.’ ” Church v. Commonwealth, 230 Va. 208, 215, 335 S.E.2d 823, 827-28 (1985) (citation omitted).
Bailey did not request to represent himself or to have his attorney relieved from representing him. Prior to the sentencing hearing, the trial judge granted the motion of Bailey’s court-appointed attorney to withdraw. The record reflects only in a general way that Bailey and his attorney had some sort of disagreement concerning Bailey’s defense.
The record does not reflect that an ethical dilemma was at the core of the disagreement. The attorney informed the judge that Bailey had certain “terms and conditions” he wanted to establish and that Bailey said “if [the attorney] didn’t do what he told [the attorney] to do it wasn’t going to *810 work.” We do not know from this record that Bailey was not seeking assurance that his attorney would comport with his obligation under Virginia Rule of Professional Conduct 1.2(a), which provides that an attorney “shall abide by [the] client’s decisions concerning the objectives of representation.” Absent some impropriety, a client may decide the objectives of the representation. The record does not establish that Bailey’s attorney advanced any of the reasons enumerated in Rule of Professional Conduct 1.16 to support his motion to withdraw. Moreover, the Commonwealth has not proved an ethical issue was the source of the difficulty. Without knowing the source of the friction, the trial judge allowed the attorney to withdraw and placed upon Bailey the burden of representing himself.
As compensation for the lack of evidence proving that Bailey waived his right to the attorney, the Commonwealth argues Bailey was an “obstructionist” who failed to cooperate with two prior attorneys that the judge permitted to withdraw. Without delving into the minutia of those withdrawals, which bear little on the issue whether the removal of the last attorney comported with Sixth Amendment standards, it seems to me sufficient to note that we have decided adverse to Bailey his speedy trial claim because one of those attorneys failed to object at trial to the Commonwealth’s requests for continuances and that the second attorney, who represented Bailey in an earlier unrelated proceeding, was the subject of a claim by Bailey of inadequate representation.[4] Simply put, on this record Bailey had an arguable basis for objecting to both of those representations.
For the reasons more fully stated in McNair v. Commonwealth, 37 Va.App. 687, 700, 561 S.E.2d 26, 32 (2002) (Benton, J., with whom Elder, J., joins, concurring), and McNair v. Commonwealth, 35 Va.App. 587, 596-604, 546 S.E.2d 756, 760- *811 64 (2001) (Benton, J., dissenting), I would hold that the record failed to prove Bailey waived his Sixth Amendment right to counsel prior to the sentencing hearing. Thus, I would affirm the conviction, vacate the sentence, and remand to the trial court with instructions to appoint an attorney for Bailey and to hold a new sentencing hearing.

. That attorney has been suspended from the practice of law for a period of months by the Virginia State Bar for violating former Disciplinary Rules 6-101(B), (C), and (D) and 7-101 (A) of the Virginia Rules of Professional Responsibility in his representation of other clients.