HUMPHREYS, Judge.
Antwoin Renard McNair contends the trial court violated his rights under the Sixth Amendment by requiring him to proceed to trial without counsel. A panel of this Court, with one judge dissenting, held that appellant waived his right to counsel. See McNair v. Commonwealth, 35 Va.App. 587, 546 S.E.2d 756 (2001). We stayed the mandate of that decision and granted rehearing en banc. For the reasons that follow, we reverse the convictions and remand for a new trial.
I. Background
A grand jury indicted appellant on felony charges of malicious wounding and abduction of his wife. A warrant charged appellant with the misdemeanor of brandishing a firearm. On October 29, 1999, prior to the commencement of trial, appellant’s court-appointed attorney informed the trial judge that appellant wanted a continuance. After appellant explained his reasons for the request, the trial judge denied the continuance. During the arraignment, appellant’s attorney informed the judge that appellant wanted a jury trial. The judge granted that request and set the trial to commence December 6,1999.
Several weeks prior to the December trial, appellant’s court-appointed attorney filed a motion to withdraw, alleging “an irretrievable breakdown in communication.” The trial *692 judge granted the motion and appointed another attorney to represent appellant. She was appellant’s fifth attorney during the course of the proceedings. The trial judge admonished: “I will appoint your last lawyer, Mr. McNair. Do you understand that this is your last lawyer[?]”
The judge set a new trial date for January 25, 2000. After conferring with appellant, his new attorney filed motions to compel discovery, for a subpoena duces tecum, and to suppress evidence. The trial was again continued and ultimately held on March 6, 2000. When the trial court called appellant’s case on that date and asked if the parties were ready to proceed, appellant’s court-appointed attorney said she was ready for trial. She indicated, however, that appellant wanted to address the court “prior to starting the trial.” Appellant then spoke extensively about the absence of information he believed was necessary to be produced for his defense “so that [he] could get a fair trial,” and about his objection to the prosecutor using his thirteen-year-old daughter as a witness.
Reiterating these issues during the ensuing re-arraignment, appellant indicated that “information for [his] defense is not here” and that he had not had sufficient time to discuss his defenses with his attorney. Appellant’s attorney disagreed and said that she had advised appellant, that he did not want to accept her advice, and that she had “jumped through all of the hoops” appellant imposed upon her. She stated: “At this point, I have to protect myself, ... I’m going to make a motion to withdraw as counsel.” The prosecutor immediately asked “if [appellant] could proceed pro se and leave [appellant’s attorney] as advice counsel.”
When the judge asked for appellant’s response to these matters, appellant again indicated he needed other information to prove his wife was “capable of lying under oath.” The trial judge then ascertained from appellant’s appointed attorney that she had discussed the case with appellant, that she had advised him of the elements of the offense the prosecutor had to prove, and that she had consulted with appellant on numerous occasions. The judge granted appellant’s attorney’s *693 motion to withdraw, but asked her “to standby because he has some questions that he [will] need to ask your advice on and we’ll go ahead and proceed pro se based on the evidence that I have before me.” The trial court stated to McNair:
[s]he’s your fifth attorney, and we have to get the matter heard, and we can’t keep going through different attorneys, and it sounds like to me that she’s made a reasonable effort to provide you with a defense. If you have rejected that, then we have to get the case pro se.
Proceeding with the arraignment, the judge asked the following:
[JUDGE]: The Court has heard what you said. That matter is on the record. At this point, I’m not going to deny [your daughter] an opportunity to testify if the Commonwealth presents her as a witness.
Have you entered your plea of not guilty freely and voluntarily?
[APPELLANT]: Yes.
[JUDGE]: And are you ready for trial today?
[APPELLANT]: Without an attorney?
[JUDGE]: Yes, sir.
[APPELLANT]: No, I’m not.
[JUDGE]: Have you determined whether or not you wish to have a trial by jury or a trial by a judge?
[APPELLANT]: Trial by judge.
[JUDGE]: And you waive your right to a trial by jury?
[APPELLANT]: Yes.
[JUDGE]: Does the Commonwealth waive?
[PROSECUTOR]: The Commonwealth waives trial by jury.
[JUDGE]: Do you understand the questions that I’ve asked you?
[APPELLANT]: Yes, I do.
[JUDGE]: All right, sir. We’ll go ahead, and I’ll hear the case, and we’ll go ahead and proceed.
*694 During the trial, appellant represented himself while his former court-appointed attorney sat in the back of the courtroom. At the conclusion of the evidence, the trial judge convicted appellant of malicious wounding in violation of Code § 18.2-51, abduction in violation of Code § 18.2-47, and brandishing a firearm in violation of Code § 18.2-282. Although appellant continued to represent himself at the sentencing hearing, the trial judge appointed counsel to represent appellant for purposes of this appeal.
II. Analysis
“In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defen[s]e.” U.S. Const, amend. VI. As an essential means of securing due process, this right to the assistance of counsel “is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process.” Kimmelman v. Morrison, 477 U.S. 365, 374, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). Accordingly, the Sixth Amendment guarantees a defendant a fair opportunity to secure counsel of his own choice to represent him at trial on criminal charges, Powell v. Alabama, 287 U.S. 45, 53, 53 S.Ct. 55, 77 L.Ed. 158 (1932), or if a defendant is indigent, representation is made available to him by the court. See Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); see also Code § 19.2-157.[1] The Sixth Amendment right to counsel also “implicitly embodies a ‘correlative right to dispense with a lawyer’s help.’ ” Faretta v. California, 422 U.S. 806, 814, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (quoting Adams v. United States *695 ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942)). To be valid, any such waiver must be the voluntary act of the defendant and must constitute a knowing and intelligent abandonment of a known constitutional right or privilege. Edwards v. Arizona, 451 U.S. 477, 482, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).
Here, the record indisputably established that appellant began the trial with a court-appointed attorney and that he did not ask the judge to discharge his attorney. Further, he clearly did not ask to be allowed to represent himself. Indeed, when the judge asked if he was ready for trial, appellant’s responses, “Without an attorney?” and then, “No, I’m not,” were clear assertions that he wanted an attorney to represent him. He was therefore constitutionally entitled to the assistance of an attorney at his trial. See United States v. Phifer, 511 F.2d 960 (4th Cir.1975).
Alternatively, the Commonwealth implies that although appellant may not have expressed a choice to proceed pro se, in effect, he constructively waived his right to counsel. We disagree. Indeed, we reject the suggestion that a waiver of the right to counsel can be less than knowing and the product of an intelligent decision. Nevertheless, we are mindful that the Sixth Amendment right to counsel, while fundamental, is not a right without limitation. Specifically, it is not a right subject to endless abuse by a defendant. Instead, the right is qualified in its exercise and merely affords a defendant an absolute right to a “fair opportunity” to representation by counsel. Sampley v. Attorney General of North Carolina, 786 F.2d 610, 613 (4th Cir.1986). This limitation derives from the important and valid state interest in proceeding with prosecutions in an orderly and expeditious manner, taking into account the practical difficulties of “ ‘assembling the witnesses, lawyers, and jurors at the same place at the same time,’ ” as well as the concerns and interests of the victims, witnesses and general public, and the appropriate use of judicial resources. Id. (quoting Morris v. Slappy, 461 U.S. 1, 11, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983)); see also Morris, 461 U.S. *696 at 14-15, 103 S.Ct. 1610; Green v. Commonwealth, 211 Va. 727, 728, 180 S.E.2d 531, 532 (1971).
Thus, although a valid waiver of a defendant’s fundamental right to counsel must be voluntary and constitute a knowing, intelligent abandonment of the right, Edwards, 451 U.S. at 482, 101 S.Ct. 1880, it
“does not grant [a] defendant license to play a cat and mouse game with the court, or by ruse or stratagem fraudulently seek to have the trial judge placed in a position where, in moving along the business of the court, the judge appears to be arbitrarily depriving the defendant of counsel.”
United States v. Hughes, 191 F.3d 1317, 1323 (10th Cir.1999) (quoting United States v. Allen, 895 F.2d 1577, 1578 (10th Cir.1990)).
Accordingly, the question of whether a fair opportunity to secure representation has been accorded to a defendant becomes a case specific inquiry. For example, the Fourth Circuit has found that, once provided with a fair opportunity to secure counsel, the conduct of a defendant can constitute a “constructive discharge” of counsel. See United States v. Attar, 38 F.3d 727, 735 (4th Cir.1994) (“[A] court might properly find that the belated creation by a defendant of an inextricable ethical predicament for his counsel constitutes ... a constructive discharge of counsel.”). Further, it is clear that certain dilatory conduct on the part of a defendant may also be properly viewed as an effective de facto waiver of Sixth Amendment protections. See Sampley, 786 F.2d at 613 (“[A] defendant has no constitutional right to dictate the time, if ever, at which he is willing to be tried by simply showing up without counsel, or with allegedly unsatisfactory counsel, whenever his case is called for trial, or by objecting that counsel then retained or assigned is not presently ‘counsel of his choice.’ ” (citing Ungar v. Sarafite, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964); Morris, 461 U.S. at 12, 103 S.Ct. 1610)); see also Lemke v. Commonwealth, 218 Va. 870, 874-75, 241 S.E.2d 789, 791-92 (1978); Watkins v. Commonwealth, *697 174 Va. 518, 523, 6 S.E.2d 670, 672 (1940); Bolden v. Commonwealth, 11 Va.App. 187, 190-91, 397 S.E.2d 534, 536-37 (1990).
It logically follows that such conduct may operate as a constructive discharge of counsel whether retained or appointed, or a de facto waiver of the right to be represented by such counsel. In either case, a trial court is not bound by constitutional mandate to appoint another attorney, or provide the defendant with an additional opportunity to secure counsel. Instead, courts are accorded wide discretion in deciding whether to grant continuances to enable a defendant to secure new counsel. See Sampley, 786 F.2d at 613 (“[t]he constitutional right is probably best stated as a limit on trial court discretion: that discretion only exceeds its constitutional bounds when it is exercised to deny a continuance on the basis of an ‘unreasoning and arbitrary “insistence upon expeditiousness in the face of a justifiable request for delay” ’ ” (quoting Ungar, 376 U.S. at 589, 84 S.Ct. 841)).
Nevertheless, contrary to the argument of the Commonwealth, the record here does not demonstrate that appellant’s conduct constituted a constructive discharge of counsel or a de facto waiver of counsel. Instead, the record reflects only relief of counsel by the trial court following an unsupported request to withdraw. We hold that in order to establish a constructive discharge or a de facto waiver of counsel by conduct, the record should demonstrate adequate procedural safeguards. Specifically, the record should reflect adherence to the statutory guidelines set forth in Code § 19.2-157 et seq., governing the right to counsel.
In this case, the trial court did not set forth the reasons for its determination that McNair waived his right to counsel. While a failure to explicitly address the basis for its conclusion that defendant constructively discharged counsel, or de facto waived the right to counsel, would not per se constitute reversible error, the better practice would be to produce a record which reflects that (1) the defendant placed his counsel in a position that precluded effective representation and thereby constructively discharged his counsel or (2) *698 through his obstructionist behavior, dilatory conduct, or bad faith, the defendant de facto waived counsel. Such a finding should be prefaced by the trial court’s admonition to the defendant concerning his right to counsel, the perils of pro se representation, as well as an appropriate explanation of the charges and punishment at issue. Additionally, the trial court’s finding should include a specific recitation of how the defendant’s conduct shows an unequivocal intent to relinquish or abandon his right to counsel, either as a constructive discharge of counsel or a de facto waiver of counsel. See United States v. Gallop, 838 F.2d 105, 109 (4th Cir.1988); see also People v. Arguello, 772 P.2d 87, 92-93 (Colo.1989).[2]
As constitutional jurisprudence requires courts to indulge every reasonable presumption against waiver of counsel, Brewer v. Williams, 430 U.S. 387, 404, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977), we do not find this record sufficient to support the theory that appellant’s conduct constituted a constructive discharge of counsel or a de facto waiver of representation by counsel. Indeed, the record here demonstrates no more than that the defendant was “difficult” and did not believe his attorney was providing him with an adequate defense.[3] Moreover, we do not find that the statements of the trial court constitute a sufficient factual finding that the defendant’s difficulty with his various attorneys amounted to a pattern of conduct calculated to prevent his trial from ever occurring. Neither do we find the record sufficient to establish appellant’s voluntary, knowing and intelligent waiver of his right to counsel, or a course of conduct evidencing the *699 constructive discharge of counsel or the de facto waiver of the right to counsel.
This record contains no explanation why the trial judge did not deny appellant’s attorney’s motion to withdraw on the day of trial and order her to continue with her representation of appellant. Despite her disagreement with appellant about the evidence he wanted to present, appellant’s attorney indicated she was prepared for trial. Although her interest in “protecting] [herjself” had been served by her motion on the record, appellant’s right to the assistance of an attorney was a separate matter.
Accordingly, on this record, we find that there was no de facto waiver of appellant’s right to a fair opportunity to be represented by counsel, nor does the record support a finding that the defendant’s articulated dissatisfaction with the conduct of his defense constituted a constructive discharge of his attorney.
Finally, although the Commonwealth notes that appellant “correctly asserts that he was required to proceed ‘pro se,’ ” the Commonwealth argues that appellant’s counsel, nevertheless, remained in the courtroom and, therefore, appellant had “standby counsel.” However, the record proves otherwise.
The trial judge, without qualification, granted appellant’s attorney’s motion to withdraw. Even if she remained in the back of the courtroom, she was not authorized or directed to assist appellant. Her mere presence in the courtroom provided no benefit to appellant. “Because the right to counsel is so fundamental to a fair trial, the Constitution cannot tolerate trials in which counsel, though present in name, is unable to assist the defendant to obtain a fair decision on the merits.” Evitts v. Lucey, 469 U.S. 387, 395, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). “The guarantee of counsel ‘cannot be satisfied by mere formal appointment.’ ” Id. (citation omitted). Therefore, regardless of the presence of appellant’s former attorney in the courtroom, the record establishes that the trial judge unconditionally granted her motion to withdraw and *700 required appellant to proceed pro se without the assistance of his attorney.
“When a State obtains a criminal conviction through ... a trial [in which a defendant is denied the assistance of an attorney], it is the State that unconstitutionally deprives the defendant of his liberty.” Cuyler v. Sullivan, 446 U.S. 335, 343, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Although the Commonwealth has a valid interest in an orderly and expeditious prosecution, in this case, we hold that the trial judge exhibited “an unreasoning and arbitrary ‘insistence upon expeditiousness ... ’ [and, therefore,] violate[d] [appellant’s] right to the assistance of counsel.” Morris, 461 U.S. at 11-12, 103 S.Ct. 1610 (citation omitted).

Reversed and remanded.

. Code § 19.2-157 provides as follows:
Except as may otherwise be provided in §§ 16.1-266 through 16.1-268, whenever a person charged with a criminal offense the penalty for which may be death or confinement in the state correctional facility or jail, including charges for revocation of suspension of imposition or execution of sentence or probation, appears before any court without being represented by counsel, the court shall inform him of his right to counsel. The accused shall be allowed a reasonable opportunity to employ counsel or, if appropriate, the statement of indigence provided for in § 19.2-159 may be executed.

. We do not suggest, however, that a trial court’s failure to address every procedural guideline listed here would necessarily have an effect on the efficacy of a defendant’s constructive discharge or de facto waiver in a given case. However, compliance with these safeguards may be sufficient to establish a prima facie case of constructive discharge, or a de facto waiver of counsel. See Bolden, 11 Va.App. at 193, 397 S.E.2d at 537-38.

. There is no evidence that anyone but the prosecutor wanted the appellant to represent himself, nor was the trial court obligated to remove appellant’s fifth court-appointed counsel simply because she was having difficulty with her client and wanted to "protect” herself.