COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Humphreys
Argued at Richmond, Virginia


KIP EDWARD BAILEY, S/K/A
 KIP EDWARD BAILEY, SR.
                                          OPINION BY
v.   Record No. 0462-00-2      JUDGE ROSEMARIE ANNUNZIATA
                                       AUGUST 27, 2002
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                    Oliver A. Pollard, Jr., Judge

           Cullen D. Seltzer (Bowman and Brooke, LLP, on
           briefs), for appellant.

           Robert H. Anderson, III, Senior Assistant
           Attorney General (Randolph A. Beales, Attorney
           General, on briefs), for appellee.


     Kip Edward Bailey was convicted in a bench trial of

possession of cocaine with intent to distribute with a prior

conviction for a like offense, in violation of Code § 18.2-248,

and sentenced to fifty years in prison, with thirty-nine years

and seven months suspended.

     Bailey argues that his conviction should be reversed

because he was denied: 1) his statutory right to a speedy trial

because his trial commenced more than five months after the

preliminary hearing, during which time he was held in custody;

and 2) his constitutional right to counsel.  We find no error

and affirm Bailey's conviction.

I.

Background

Upon familiar principles, we state the evidence on appeal in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Ferrell v. Commonwealth, 11 Va. App. 380, 383, 399 S.E.2d 614, 615 (1990).  Bailey was indicted on March 20, 1997 for possession of cocaine with intent to distribute, with no second offense language included.  The indictment was returned a true bill, and the trial was set for April 15, 1997.  The case was continued to May 15, 1997 on motion by the Commonwealth, without objection.

A grand jury indicted Bailey for possession of cocaine with intent to distribute, second offense, on May 15, 1997.  A true bill was returned, and trial was set for June 3, 1997.  On June 3, the case was again continued on motion by the Commonwealth, without objection.  At docket call on June 19, the case was passed to be set for trial by agreement with the judge's secretary.  Bailey did not object.  The case was eventually set for trial on August 25, 1997.  At the August 25 hearing, Bailey moved to dismiss the indictment, alleging a violation of the speedy trial statute.  The motion was denied.

Bailey was tried on October 2, 1997.  The Commonwealth nolle prossed the original indictment and proceeded on the

-

second indictment that charged Bailey with possession of cocaine with intent to distribute, second offense.  Bailey was convicted as charged.

In the course of Bailey's trial, the trial court appointed three attorneys, sequentially, to represent him.  While represented by counsel, Bailey filed pro se motions and insisted on certain unreasonable strategies.  Additionally, Bailey failed to cooperate with his attorneys and expressed dissatisfaction with their efforts despite their diligent representation.

Daniel Hall, Bailey's first attorney, filed several speedy trial motions and vigorously argued on Bailey's behalf at trial. Yet, at the outset of trial, Bailey complained that Hall had not subpoenaed certain witnesses.  The trial judge did not credit these complaints, observing that Bailey was "talking, rambling on about family members.  I assume he would have recourse to write or call his family members if [he] wanted to tell you about it.  This matter has continued on, and on, and on, so we're going to proceed with the case."  After his conviction, Bailey, in disregard of Hall's status as his attorney, filed various pro se pleadings and also filed a habeas corpus petition alleging Hall's ineffective representation.  Hall moved to withdraw, stating that Bailey's conduct made his continued representation impossible.  Hall's motion was granted.

-

The court appointed Paul Bland as Bailey's second attorney. Despite the appointment, Bailey continued to file pro se motions and, almost immediately after his appointment, Bland moved to withdraw, noting that Bailey told him that he had filed "habeas on all of his cases, including the one that counsel previously represented him on in 1992." Bland believed that Bailey's statement "created an adversarial relationship with counsel, and counsel [felt] it appropriate to withdraw." The court granted Bland's motion.

Philip DiStanislao was appointed as Bailey's third attorney. Despite the appointment of yet a third attorney, Bailey filed a pro se pleading on June 1, 1998. Barely more than one month after his appointment, DiStanislao moved to withdraw as counsel because Bailey set forth unreasonable terms and conditions for his representation, requiring him to communicate with Bailey by mail only and not in person. DiStanislao stated that these conditions "ma[de] it impossible for him to provide effective representation for Mr. Bailey as it is extremely unlikely that any positive form of attorney-client relationship can exist."

At a hearing on DiStanislao's motion, Bailey denied that he refused to speak with his attorney. The trial court warned Bailey:

-

All right, Mr. Bailey, the Court has tried to accommodate your interests. This is the third attorney that has been appointed at the State's expense to represent you. You will not get another one. You'll either decide that Mr. DiStanislao will represent you and you will act accordingly or else you'll represent yourself at your hearing.

\* \* \* \* \* \* \*

Either you decide you're going to talk to him and you're not going to lay down the terms and conditions or you're going to represent yourself at your hearing.

\* \* \* \* \* \* \*

I'm going to let him out if you're going to be obnoxious and difficult to deal with.

After a brief recess, DiStanislao informed the trial court that Bailey told him, "if I didn't do what he told me to do it wasn't going to work." DiStanislao reported this ethical dilemma to the trial judge and told him "the situation [was] impossible given [Bailey's] attitude towards representation by [him] . . . ."[1] The trial court thus ruled that Bailey would

---

[1] Bailey's insistence on directing his attorney's trial strategy interfered with the attorney's responsibility to act in Bailey's best interest, while his refusal to communicate with DiStanislao in person prevented DiStanislao from fulfilling his duty to communicate with his client. See Virginia Rule of Professional Conduct 1.2; (lawyer's scope of representation); Virginia Rule of Professional Conduct 1.4 (lawyer's duty to communicate). The Comment to Rule 1.4 notes that "a lawyer ordinarily cannot be expected to describe trial or negotiation strategy in detail. The guiding principle is that the lawyer should fulfill reasonable client expectations for information consistent with the duty to act in the client's best interests, and the client's overall requirements as to the character of

represent himself at sentencing and appointed DiStanislao as stand-by counsel.

Bailey then filed three more pro se pleadings in the circuit court, including a motion for a new trial and a motion for a continuance. He did not ask for the appointment of new counsel. In his motion, Bailey recited that he had "after-discovered evidence," in the nature of a letter written by his wife that he claimed demonstrated her motive to testify falsely against him.

At the sentencing hearing, the trial judge stated that Bailey was representing himself, with stand-by counsel available. He denied Bailey's motion for continuance because Bailey had learned of the evidence before trial. Moreover, the trial judge stated, "I read the letter anyways [sic], Mr. Bailey, the copy you sent to the clerk. It makes no difference in your trial and would not serve as a basis for a new trial. Your motion for a new trial is denied. So [sic] your motion for a continuance is denied." The trial court sentenced Bailey to

representation." The Comment to Rule 1.2 provides that "a lawyer is not required to pursue objectives or employ means simply because a client may wish that the lawyer do so . . . the lawyer should assume responsibility for technical and legal tactical issues . . . ."

-

fifty years in prison, with thirty-nine years and seven months suspended.

## II.

## Analysis

On appeal, we view the evidence in the light most favorable to the Commonwealth, the party prevailing below. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). We, therefore, "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998). The credibility of the witnesses and the weight of the evidence are matters to be determined solely by the trier of fact. Swanson v. Commonwealth, 8 Va. App. 376, 378-79, 382 S.E.2d 258, 259 (1989). Furthermore, the decision of the trial court will not be disturbed unless plainly wrong or without evidence to support it. McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc).

Bailey argues that his conviction should be reversed because he was denied: 1) his statutory right to a speedy trial because his trial commenced more than five months after the preliminary hearing, during which time he was held in custody; and 2) his constitutional right to counsel. For the following

-

reasons, we disagree with each of these contentions and, therefore, affirm his conviction.

## A.  Speedy trial

The speedy trial statute provides, in pertinent part:

> Where a general district court has found
> that there is probable cause to believe that
> the accused has committed a felony, the
> accused, if he is held continuously in
> custody thereafter, shall be forever
> discharged from prosecution for such offense
> if no trial is commenced in the circuit
> court within five months from the date such
> probable cause was found by the district
> court.

Code § 19.2-243.  The statute also notes that periods of delay caused "by the failure of the accused or his counsel to make a timely objection to [a motion for a continuance] by the attorney for the Commonwealth," are excluded from the five-month time limit.  Code § 19.2-243(4); Johnson v. Commonwealth, 259 Va. 654, 669, 529 S.E.2d 769, 777 (2000); Robinson v. Commonwealth, 28 Va. App. 148, 154, 502 S.E.2d 704, 707 (1998) (holding that delay resulting from a continuance granted upon the Commonwealth's motion and without objection by the defendant is charged to the defendant).

In this case, Bailey was indicted on March 20, 1997 and tried on October 2, 1997.  He did not object to a continuance of his case from April 15, 1997 to May 15, 1997, or continuances from June 3, 1997 to August 25, 1997.  Subtracting these delays,

-

Bailey's trial was held within three months of his indictment and well within the statutory time limit.  Accordingly, we will not disturb his conviction on this ground.

## B.  Right to counsel

The Commonwealth argues Bailey waived his right to counsel by "engag[ing] in a variety of obstructionist, dilatory tactics and repeatedly manifest[ing] a desire to represent himself by filing a raft of pro se pleadings."  Bailey contends he did not waive his right to counsel and, therefore, his conviction should be reversed.  For the reasons that follow, we agree with the Commonwealth and affirm Bailey's conviction.

"If the accused has not competently and intelligently waived [his] constitutional right [to counsel], the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or liberty."  Edwards v. Commonwealth, 21 Va. App. 116, 123, 462 S.E.2d 566, 570 (1995) (citing Johnson v. Zerbst, 304 U.S. 458, 468 (1938)).  "The burden [is] on the Commonwealth to prove the essentials of a waiver of the right to counsel by clear, precise, and unequivocal evidence."  Lemke v. Commonwealth, 218 Va. 870, 873, 241 S.E.2d 789, 791 (1978).

> [T]he Sixth Amendment right to counsel,
> while fundamental, is not a right without
> limitation.  Specifically, it is not a right
> subject to endless abuse by a defendant.
> Instead, the right is qualified in its

-

> exercise and merely affords a defendant an
> absolute right to a "fair opportunity" to
> representation by counsel. Sampley v.
> Attorney General of North Carolina, 786 F.2d
> 610, 613 (4th Cir. 1986). This limitation
> derives from the important and valid state
> interest in proceeding with prosecutions in
> an orderly and expeditious manner, taking
> into account the practical difficulties of
> "'assembling the witnesses, lawyers, and
> jurors at the same place at the same time'"
> as well as the concerns and interests of the
> victims, witnesses and general public, and
> the appropriate use of judicial resources.

McNair v. Commonwealth, 37 Va. App. 687, 695, 561 S.E.2d 26, 30 (2002) (en banc) (citations omitted). "[C]ertain dilatory conduct on the part of a defendant may also be properly viewed as an effective de facto waiver of Sixth Amendment protections [or a constructive discharge of counsel]." Id. at 696, 561 S.E.2d at 31. To establish a de facto waiver or a constructive discharge, Virginia law requires that we view the defendant's conduct in its entirety, together with all the other circumstances of the case, that support the conclusion his or her conduct tended to unreasonably and unjustifiably delay trial. See Bolden v. Commonwealth, 11 Va. App. 187, 191, 397 S.E.2d 534, 537 (1990) ("[Defendant's] failure to have counsel [present] was the result of dilatory conduct on his part . . . ."); accord Paris v. Commonwealth, 9 Va. App. 454, 461, 389 S.E.2d 718, 722 (1990); see also United States v. Attar, 38 F.3d 727, 735 (4th Cir. 1994) (holding that dilatory

-

or unreasonable conduct may be viewed as a constructive discharge of counsel); Sampley, 786 F.2d at 615 (holding that court may deny request for continuance to obtain counsel where the request "proceeds from a 'transparent ploy for delay . . .'" (internal citation and quotation omitted)); Illinois v. Hughes, 733 N.E.2d 705, 710 (Ill. App. Ct. 2000) (observing that, when determining whether a defendant has forfeited the right to counsel by his conduct, Illinois courts focus on the "delay in proceeding to trial and the authority the court has to refuse to allow defendant to seek new counsel or obtain counsel on the eve of trial"); Tacoma v. Bishop, 920 P.2d 214, 219 (Wash. Ct. App. 1997) (noting that a forfeiture, or waiver by conduct of the right to counsel results where the defendant engages in dilatory tactics).

In this case, Bailey's conduct delayed trial and evinced an intent to represent himself at sentencing. Before his sentencing, and while his first attorney investigated filing certain post-trial motions on Bailey's behalf, Bailey filed several pro se motions. He also filed a habeas corpus petition against his first attorney, claiming ineffective assistance of counsel. Bailey's trial attorney was thus permitted to withdraw

-

upon his motion filed on April 27, 1998, and new counsel was appointed to represent Bailey's interest on May 4, 1998.[2]

Three days later, and notwithstanding the appointment of new counsel, Bailey filed a pro se motion to strike the evidence, with an accompanying brief. He also advised his second counsel on May 12, 1998 that he had filed habeas petitions in all of his cases, including a case in which second counsel had represented him in 1992. Bailey told counsel that the 1992 habeas petition against him was based on a claim of ineffective assistance of counsel. As a result of Bailey's implicit contention that theirs was an adverse relationship, new counsel sought leave to withdraw in a motion filed on May 14, 1998; the motion was granted, and Bailey's third counsel was appointed by the court on May 26, 1998.

Six days later, Bailey continued his effort to represent himself, and filed a pro se amended brief in support of his motion to strike. On July 2, 1998, Bailey's third court-appointed attorney filed a motion to withdraw as counsel to Bailey. At a hearing on the motion, this third attorney told the trial court that Bailey had refused to speak to him in person and had required that all of their communication be by

_____

[2] Notwithstanding his withdrawal, counsel was present when an order correcting a clerical error in the order of February 2, 1997 was entered on April 28, 1998.

-

mail.  The trial judge, frustrated with Bailey's behavior, asked him whether he wanted an attorney to represent him in the sentencing proceeding.  Bailey responded twice in the negative.  Notwithstanding Bailey's express refusal of counsel and his attorney's avowal that Bailey's condition that they communicate solely by mail made it extremely unlikely that "any positive form of attorney-client relationship can exist," the court suggested that the attorney meet privately with Bailey to resolve the situation and deferred ruling on the motion.

Later that day, Bailey's third counsel told the court that Bailey continued to refuse to communicate in person.  The attorney told the court that he found "the situation impossible given [Bailey's] attitude toward representation by me."  Bailey's attitude toward his attorney thus unreasonably and unjustifiably delayed trial, and the trial court found that Bailey had thus waived his right to counsel.  See Attar, 38 F.3d at 735 ("[T]he belated creation by a defendant of an inextricable ethical predicament for his counsel . . . can properly be viewed as a constructive discharge of counsel undertaken for dilatory or unreasonable purposes . . . .").

Bailey's intent to delay trial is further evidenced by his pro se filing of two frivolous motions just one week before his sentencing hearing.  Bailey filed a motion for a continuance and a motion for a new trial premised on a claim of

"after-discovered evidence."  In his motion, he argued that he needed a new trial because he now had in his possession a letter written by his wife that he claimed demonstrated her motive to testify falsely against him.  At trial, however, Bailey revealed that he had knowledge of the letter and its contents before trial.  The court denied the motion, finding his grounds to be wholly without merit.

In short, the trial court found Bailey's complaints about his attorneys to be without merit, and credited the attorneys' reports of the adversarial nature of the relationship that Bailey had created, making it impossible to properly and effectively represent him.  See Attar, 38 F.3d at 735 (holding that defendant's creation "of an inextricable ethical predicament for his counsel . . . can properly be viewed as a constructive discharge of counsel undertaken for dilatory or unreasonable purposes . . . ."); see also Sampley, 786 F.2d at 615 (holding that trial court's implicit rejection of defendant's asserted justification for delay was a credibility determination to which deference is owed).  In addition, because his attorneys believed they could not serve his best interests, their continued representation of him would violate the Rules of Professional Conduct.  Virginia Rule of Professional Conduct 1.3 (requiring a lawyer to serve his or her client's best interests); see also Virginia Rule of Professional Conduct

-

1.16(a) (providing that a lawyer may withdraw from representation if representation "has been rendered unreasonably difficult by the client . . ."). Thus, withdrawal was required. Virginia Rule of Professional Conduct 1.16(a) (providing that a lawyer must withdraw from representation if representation "will result in violation of the Rules of Professional Conduct . . .").

Moreover, in addition to assuming an adverse stance relative to his attorneys' representation and compelling each to withdraw, he expressly stated his preference to represent himself before the court and acted on that preference. Bailey consistently exhibited an intent to represent himself at the sentencing hearing. He routinely filed pro se motions, notwithstanding the presence of counsel in the case. He created an adversarial relationship with each of his three court-appointed attorneys despite the trial court's warning that he would have to proceed without representation. After compelling each of his three court-appointed attorneys to withdraw, Bailey filed a pro se motion for a new trial and a pro se motion to continue his sentencing hearing. He did not petition the court for new counsel in his motion for a continuance. He never claimed he needed a continuance to obtain the services of an attorney, or that he was not prepared to proceed without representation.

Based on Bailey's conduct in its totality, we hold that he constructively discharged counsel and that the trial court properly exercised its discretion in granting DiStanislao's motion to withdraw and requiring Bailey to proceed with sentencing pro se.  See Paris, 9 Va. App. at 459, 389 S.E.2d at 721 (1991) (noting that trial court has discretion in ruling on motions for withdrawal of counsel).[3]  While no single act by Bailey proves that he constructively waived counsel, his behavior throughout the course of the litigation toward the three attorneys appointed to represent him, when viewed in its totality, together with his intent to proceed pro se, constitute "clear, precise, and unequivocal evidence" that Bailey constructively waived his right to counsel in the sentencing hearing.  Lemke, 218 Va. at 873, 241 S.E.2d at 791.

---

[3] Although the "better practice would be to . . . include a specific recitation of how the defendant's conduct shows an unequivocal intent to relinquish his right to counsel, either as a constructive discharge of counsel or a de facto waiver of counsel," we note that the trial court's "failure to explicitly address the basis for its conclusion that defendant constructively discharged counsel, or de facto waived the right to counsel, [does] not per se constitute reversible error . . . ."  McNair, 37 Va. App. at 697-98, 697, 561 S.E.2d at 31, 31.  Where, as here, the record is sufficient to establish "a course of conduct evidencing the constructive discharge of counsel or the de facto waiver of the right to counsel," we will uphold the trial court's decision.  Id. at 698-99, 561 S.E.2d at 32.

Accordingly, the trial court did not abuse its discretion in finding that Bailey had waived his right to counsel and requiring him to proceed with the sentencing hearing with stand-by counsel to assist if necessary.

<u>Affirmed.</u>

Benton, J., concurring, in part, and dissenting, in part.

                                I.

For the reasons that follow, I concur in the majority opinion's holding that Kip Bailey's trial was not barred by the speedy trial statute.

The evidence proved that on March 7, 1997, when the preliminary hearing occurred for this narcotics offense, Bailey was in custody, albeit for another offense. In denying Bailey's motion to dismiss, the trial judge misinterpreted the speedy trial law. The trial judge ruled as follows:

> I think I understand what you're saying, and I'm certainly going to dismiss the challenge to the speedy trial provisions of the code. . . . If he's being held on another charge, not for this charge.

After the probable cause determination, Bailey remained continuously in custody through the trial on October 2, 1997. In Knott v. Commonwealth, 215 Va. 531, 211 S.E.2d 86 (1975), the Supreme Court addressed a similar circumstance. Applying the predecessor statute to Code § 19.2-243, the Court held that an accused was "held" continuously in custody if the accused remained incarcerated, even if on an unrelated charge. Id. at 533, 211 S.E.2d at 87-88; see also Funk v. Commonwealth, 16 Va. App. 694, 432 S.E.2d 193 (1993). Thus, the reasoning underlying the trial judge's ruling is contrary to Knott.

-

The majority opinion upholds the trial judge's ruling for a reason not articulated by the trial judge.  I agree that the record does not establish a speedy trial violation.  The stipulation entered at trial between Bailey's trial attorney and the Commonwealth clearly indicates that "on June 3, 1997, [when] the Commonwealth moved to continue the [trial, Bailey] . . . did not object."  Code § 19.2-243 unambiguously provides that "[t]he provisions of this section shall not apply to such period of time as the failure to try the accused was caused . . . by the failure of the accused or his counsel to make a timely objection to . . . a motion [for continuance] by the attorney for the Commonwealth."  When this time is subtracted from the period between the probable cause determination and the trial, the record establishes no violation of Code § 19.2-243.

II.

I dissent from the holding that Bailey waived his right to counsel before the sentencing hearing occurred.

"If the accused . . . has not competently and intelligently waived his constitutional right [to counsel], the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty."  Johnson v. Zerbst, 304 U.S. 458, 468 (1938).  The burden is on the Commonwealth to prove a waiver.  Brewer v. Williams, 430 U.S. 387, 404 (1977).  To meet that burden, the record must establish

-

that such a waiver was voluntarily, knowingly, and intelligently

made.  Faretta v. California, 422 U.S. 806, 835 (1975).

> [It is] incumbent upon the State to prove
> "an intentional relinquishment or
> abandonment of a known right or privilege."
> . . . [T]he right to counsel does not depend
> upon a request by the defendant, and . . .
> courts [must] indulge in every reasonable
> presumption against waiver.  This strict
> standard applies equally to an alleged
> waiver of the right to counsel whether at
> trial or at a critical stage of pretrial
> proceedings.

Brewer, 430 U.S. at 404 (citations omitted).  Thus, when the

Commonwealth relies upon such a waiver, it "must prove [the]

essentials [of the waiver] by 'clear, precise and unequivocal

evidence . . . [, which] must not leave the matter to mere

inference or conjecture but must be certain in every

particular.'"  Church v. Commonwealth, 230 Va. 208, 215, 335

S.E.2d 823, 827-28 (1985) (citation omitted).

Bailey did not request to represent himself or to have his

attorney relieved from representing him.  Prior to the

sentencing hearing, the trial judge granted the motion of

Bailey's court-appointed attorney to withdraw.  The record

reflects only in a general way that Bailey and his attorney had

some sort of disagreement concerning Bailey's defense.

The record does not reflect that an ethical dilemma was at

the core of the disagreement.  The attorney informed the judge

that Bailey had certain "terms and conditions" he wanted to

-

establish and that Bailey said "if [the attorney] didn't do what he told [the attorney] to do it wasn't going to work."  We do not know from this record that Bailey was not seeking assurance that his attorney would comport with his obligation under Virginia Rule of Professional Conduct 1.2(a), which provides that an attorney "shall abide by [the] client's decisions concerning the objectives of representation."  Absent some impropriety, a client may decide the objectives of the representation.  The record does not establish that Bailey's attorney advanced any of the reasons enumerated in Rule of Professional Conduct 1.16 to support his motion to withdraw.  Moreover, the Commonwealth has not proved an ethical issue was the source of the difficulty.  Without knowing the source of the friction, the trial judge allowed the attorney to withdraw and placed upon Bailey the burden of representing himself.

As compensation for the lack of evidence proving that Bailey waived his right to the attorney, the Commonwealth argues Bailey was an "obstructionist" who failed to cooperate with two prior attorneys that the judge permitted to withdraw.  Without delving into the minutia of those withdrawals, which bear little on the issue whether the removal of the last attorney comported with Sixth Amendment standards, it seems to me sufficient to note that we have decided adverse to Bailey his speedy trial claim because one of those attorneys failed to object at trial

-

to the Commonwealth's requests for continuances and that the second attorney, who represented Bailey in an earlier unrelated proceeding, was the subject of a claim by Bailey of inadequate representation.[4]  Simply put, on this record Bailey had an arguable basis for objecting to both of those representations.

For the reasons more fully stated in McNair v. Commonwealth, 37 Va. App. 687, 700, 561 S.E.2d 26, 32 (2002) (Benton, J., with whom Elder, J., joins, concurring), and McNair v. Commonwealth, 35 Va. App. 587, 596-604, 546 S.E.2d 756, 760-64 (2001) (Benton, J., dissenting), I would hold that the record failed to prove Bailey waived his Sixth Amendment right to counsel prior to the sentencing hearing.  Thus, I would affirm the conviction, vacate the sentence, and remand to the trial court with instructions to appoint an attorney for Bailey and to hold a new sentencing hearing.

---

[4] That attorney has been suspended from the practice of law for a period of months by the Virginia State Bar for violating former Disciplinary Rules 6-101(B), (C), and (D) and 7-101(A) of the Virginia Rules of Professional Responsibility in his representation of other clients.